UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID W. VANSTRALEN,

    Plaintiff,

v.                                                   Case No: 8:20-cv-2445-T-36CPT

TAMPA BAY RADIOLOGY
ASSOCIATES, P.A. and ZOTEC
PARTNERS, LLC,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motions for Default as to Liability (Doc. 9, 11), filed on December 1, 2020. In the motions, Plaintiff seeks a default against Defendants, Tampa Bay Radiology Associates, P.A. and Zotec Partners, LLC, because 42 days have passed since Defendants were served with the initial Complaint and no responsive pleading by either Defendant has been filed. However, prior to filing the motions for default, Plaintiff filed an Amended Complaint. The Court, having considered the motions and being fully advised in the premises, will deny as moot Plaintiff's Motions for Default as to Liability.

## DISCUSSION

On October 19, 2020, Plaintiff, David Vanstralen, filed this action against Defendants, Tampa Bay Radiology Associates, P.A. and Zotec Partners, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Doc. 1.

Defendants were served with the Summonses and Complaint on October 20, 2020. Docs 8, 10. Review of the docket reveals no responsive pleading has been filed or appearance made by either Defendant.

On December 1, 2020, Plaintiff filed the instant motions seeking entry of default[1] as to the liability of Defendants for their failure to timely respond to the Complaint. Docs. 9, 11. On the same date, however, prior to the docketing of the motions for default, Plaintiff filed an Amended Complaint against the same two Defendants.[2] "Under the Federal Rules, an amended complaint supersedes the original complaint." *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358

---

[1] The law in this Circuit makes clear that default under Rule 55 is a two-step process:

> Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08–cv–498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); *see also* Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (citing *Fairman v. Hurley*, 373 F.Supp.2d 227, 231 (W.D.N.Y. 2005)); *Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC*, No. 07–0347–WS–B, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

*Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011); *see also* 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Here, Plaintiff moved for default judgment as to liability before obtaining a default. Even if Plaintiff's motions were not mooted by the filing of the Amended Complaint, the motions for default judgment would be premature.

[2] A plaintiff may file an amended complaint as a matter of course, without obtaining leave of court, if the pleading is amended within 21 days after service. *See* Fed. R. Civ. P. 15(a). Although Plaintiff filed his amended complaint more than 21 days after service, the Court will permit the Amended Complaint as Rule 15 provides that leave to amend shall be "freely given when justice so requires."

(11th Cir. 1982) (citations omitted). As the original complaint is no longer the operative complaint, Plaintiff's motions for default due to Defendants' failure to respond to the initial complaint are now moot. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Default as to Liability (Doc. 9) against Tampa Bay Radiology Associates, P.A. is **DENIED as moot**.

2. Plaintiff's Motion for Default as to Liability (Doc. 11) against Zotec Partners, LLC is **DENIED as moot**.

**DONE AND ORDERED** in Tampa, Florida on December 2, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any